# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>CHRISTOPHER DAVID DOUGLAS,<br><br>Defendant. | Case No. CR11-3044<br><br>ORDER FOR PRETRIAL DETENTION |

On the 6th day of October 2011, this matter came on for hearing on the Government's request to have the Defendant detained prior to trial. The Government was represented by Assistant United States Attorney Daniel C. Tvedt. The Defendant appeared personally and was represented by his attorney, JoAnne Lilledahl.

## I. RELEVANT FACTS AND PROCEEDINGS

On September 29, 2011, Defendant Christopher David Douglas was charged by Indictment (docket number 1) with conspiracy to distribute methamphetamine (Count 1) and possession with intent to distribute methamphetamine (Count 2). At the arraignment on October 4, 2011, Defendant entered a plea of not guilty and trial was scheduled before Chief Judge Linda R. Reade on November 28, 2011.

At the hearing, Cerro Gordo County Deputy Sheriff Matt Klunder testified regarding the circumstances underlying the instant charge.[1] In 2007 and 2008, Defendant and his brother, Darren Douglas, were involved in the sale of methamphetamine. Darren was indicted in 2008, and sent to federal prison in 2009. Darren implicated Defendant in the sale of methamphetamine. Specifically, Darren stated that Defendant sold drugs for

---

[1] Deputy Klunder is assigned to the North Central Iowa Narcotics Task Force.

1

him, and Defendant introduced Darren to his drug source in Minnesota. According to Deputy Klunder, Defendant continued to sell methamphetamine off and on over several years, using the Minnesota drug source. Eventually, the drug source in Minnesota was arrested, and he told law enforcement that he supplied Defendant with methamphetamine over several years.

Law enforcement set up a controlled transaction between Defendant and the Minnesota drug source. The source would deliver 1 pound of methamphetamine to Defendant for $22,000. On September 23, 2011, after being provided with methamphetamine by law enforcement, the source went to Mason City, Iowa, to meet Defendant and deliver the methamphetamine. Defendant paid $1,510 for the methamphetamine, and agreed to pay the balance later. Following the arranged drug deal, a search warrant was executed on Defendant's residence, and additional methamphetamine was found. When interviewed by law enforcement, Defendant admitted his involvement with the Minnesota drug source. Phone records from March 2011, suggest that the source went to Mason City nine times to deliver methamphetamine to Defendant.

According to the pretrial services report, Defendant is 32 years old and is a lifelong resident of Mason City, Iowa. He is single, has never been married, and has no children. For the past three months, Defendant has been employed as a kitchen worker at Applebee's in Mason City. Prior to working at Applebee's, Defendant was employed at a metal door factory and construction company in Mason City. Defendant is in good physical health and reports no present or past mental or emotional health concerns. Defendant told the pretrial services officer that since 2007, he has consumed alcohol to the point of intoxication at least three to four times per week. He reported marijuana use one or two times per week since age 17, with his last use being one week prior to his arrest. He also reported that recently he had been using methamphetamine three to four times per week.

Defendant has an extensive criminal history. On January 2, 1998, when he was 18 years old, Defendant was charged and later convicted of operating a motor vehicle

2

while intoxicated ("OWI"), first offense. He received a deferred judgment on the charge, and was given 1 year probation.

On October 2, 1998, while on probation for the OWI charge, Defendant was charged and later convicted of possession of drug paraphernalia, under age possession of alcohol, and open container violation. The drug paraphernalia charge included four other counts that were dismissed, including OWI, second offense, operating a motor vehicle with a suspended license, preventing apprehension, and possession of a controlled substance. On November 3, 1998, while still on probation for the OWI charge, Defendant was charged and later convicted of disorderly conduct and consumption/intoxication.

In 1999, Defendant was convicted of failure to have a valid license while operating a motor vehicle, OWI, second offense, failure to have a valid license while operating a motor vehicle, possession of drug paraphernalia, and OWI, third offense. He was sentenced on the OWI-3rd charge to 5 years in prison with all but 30 days suspended. He also received 3 years probation. On June 17, 2000, while on probation for the OWI-3rd charge, Defendant was charged and later convicted of possession of marijuana.

On September 27, 2003, Defendant was charged and later convicted of OWI, third or subsequent offense, and eluding. On March 1, 2004, he was sentenced to 5 years in prison (OWI continuum). On April 5, 2004, while awaiting placement at the Beje Clark Residential Facility, Defendant was charged and later convicted of driving while barred. On April 14, 2004, Defendant was placed at the Beje Clark Residential Facility. He was paroled on July 22, 2004. He was discharged from parole on July 23, 2006.

On April 22, 2005, while on parole for the OWI-3rd charge, Defendant was charged and later convicted of driving while barred. On November 3, 2005, while on parole for the OWI-3rd charge, Defendant was charged and later convicted of driving while barred. On December 26, 2005, while on pretrial release in the November driving while barred charge and on parole for the OWI-3rd charge, Defendant was charged and

later convicted of fifth degree theft. On April 12, 2006, while on parole for the OWI-3rd charge, Defendant was charged and later convicted of driving while barred.

On November 10, 2006, Defendant was charged and later convicted of driving while barred. On September 4, 2007, Defendant failed to appear for a nonpayment contempt hearing. On March 14, 2007, while on pretrial release in the November 2006 driving while barred charge, Defendant was again charged and later convicted of driving while barred.

On March 21, 2011, Defendant was charged and later convicted of consumption/intoxication and possession of drug paraphernalia. Two days later, on March 23, 2011, Defendant was charged and later convicted of consumption/intoxication. On August 20, 2011, Defendant was charged with driving while barred. The charge remains pending in state court.

## II. DISCUSSION

The release or detention of a defendant pending trial is governed by the Bail Reform Act of 1984, 18 U.S.C. § 3142. In *United States v. Salerno*, 481 U.S. 739 (1987), the United States Supreme Court upheld the constitutionality of the Bail Reform Act of 1984, while noting that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *Id.* at 755.

### A. Legal Standard to be Applied

If the government moves to have a defendant detained prior to trial, the court must undertake a two-step inquiry. *United States v. Friedman*, 837 F.2d 48, 49 (2d Cir. 1988). The Court must first determine by a preponderance of the evidence that the case involves an offense listed in 18 U.S.C. § 3142(f)(1), or that the defendant presents certain risk factors, as identified in § 3142(f)(2). *Id.* Once this determination has been made, the court then determines, pursuant to § 3142(e), whether any condition or combination of conditions will reasonably assure the defendant's appearance at trial and the safety of the community. *Id.*

4

Regarding the first step, pretrial detention is not authorized unless the Court finds that at least one of seven enumerated circumstances is applicable. 18 U.S.C. § 3142(f). The first five enumerated circumstances refer to "offense types," such as crimes of violence, offenses punishable by life imprisonment, serious drug offenses, felonies committed by repeat offenders, and felonies involving minor victims or guns. 18 U.S.C. § 3142(f)(1)(A-E). The last two enumerated circumstances where a hearing is authorized involve "risk factors," such as a serious risk of flight, or a serious risk the defendant will obstruct justice. 18 U.S.C. § 3142(f)(2)(A-B).

Regarding the second step, if following a hearing "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community," then the judicial officer must order the defendant detained pending the trial. 18 U.S.C. § 3142(e). A finding that no condition or combination of conditions will reasonably assure the safety of the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f). A finding that no condition or combination of conditions will reasonably assure the defendant's appearance, however, must only be established by a preponderance of the evidence. *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985).

In determining whether any condition or combination of conditions will reasonably assure the defendant's appearance as required and the safety of the community, the Court must take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including (a) the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, and (b) whether, at the time of the current offense or arrest, the defendant was on probation, parole, or other pretrial release; and (4) the nature and seriousness of the danger

to the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g). *See also United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003).

The Government has the burden of proof in this regard. It is aided in certain cases, however, by a rebuttable presumption found at 18 U.S.C. § 3142(e). For example, if the Court finds there is probable cause to believe that the person committed a drug offense for which a maximum term of imprisonment of ten years or more is applicable, or possessed a firearm in furtherance of a drug trafficking crime, or committed certain specified offenses involving a minor victim, then there is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community. 18 U.S.C. § 3142(e)(A)(B) and (E). In a "presumption case," the defendant bears a limited burden of production – not a burden of persuasion – to rebut the presumption by coming forward with evidence he does not pose a danger to the community or a risk of flight. *Abad*, 350 F.3d at 797 (citing *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001)). Once the defendant has met his burden of production relating to these two factors, the presumption favoring detention does not disappear entirely, but remains a factor to be considered among those weighed by the court. *Id. See also United States v. Jessup*, 757 F.2d 378, 382-84 (1st Cir. 1985).

### B. Analysis

Turning to the facts in the instant action, Defendant is charged with conspiracy to distribute methamphetamine and possession of methamphetamine with the intent to distribute. Accordingly, regarding the first step in the analysis, the Court finds that detention is authorized pursuant to § 3142(f)(1)(C).

Regarding the second step, pursuant to § 3142(e)(3)(A), there is a rebuttable presumption in favor of detention. The weight of the evidence against Defendant is strong. In 2008, Defendant's brother, who is currently incarcerated in federal prison, implicated Defendant in selling methamphetamine. After being arrested, Defendant's drug source told law enforcement that he supplied Defendant with methamphetamine over several

6

years. On September 23, 2011, law enforcement set up a controlled transaction between Defendant and his drug source. The source sold one pound of methamphetamine to Defendant for $22,000, with $1,510 paid immediately and a promise to pay the balance later. A search of Defendant's residence turned up additional methamphetamine. In an interview with law enforcement, Defendant admitted being involved with the drug source. Lastly, phone records from March 2011, show that the source went to Mason City nine times to deliver methamphetamine to Defendant.

As a general proposition, the distribution of drugs constitutes a general danger to the community. Here, the evidence suggests that Defendant has been involved with selling drugs for at least four years. Defendant also has a long history of abusing alcohol, including four convictions for operating a motor vehicle while intoxicated. Defendant also has a history of regularly using methamphetamine and marijuana. Defendant continued to drink, drive, and use drugs right up until the time of his arrest. Additionally, Defendant has a record of failing to comply with pretrial supervision, probation, and parole. If convicted on the instant charge, Defendant faces a mandatory minimum prison sentence of 10 years. The Court has no confidence that Defendant would comply with the terms and conditions it would impose if he were released. Therefore, based on the serious nature and circumstances of the offense, the strong evidence against him, and the rebuttable presumption, the Court finds that Defendant should be detained pending trial.

Based on the legal standards set forth above, and considering the evidentiary factors found in 18 U.S.C. § 3142(g), the Court finds the Government has met its burden of proving by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of Defendant as required. The Court further finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community if Defendant is released. Therefore, pursuant to 18 U.S.C. § 3142(e), the Court concludes that Defendant should be detained

prior to trial. Defendant was advised in open court of his right to file a motion with the District Court for revocation or amendment of this Order.

### III. ORDER

IT IS THEREFORE ORDERED as follows:

1. The Defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2. The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

3. On order of a Court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is confined shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

4. The time from the Government's oral motion to detain (October 4, 2011) to the filing of this Ruling (October 6, 2011) shall be excluded in computing the time within which the trial must commence pursuant to the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(D).

DATED this 6th day of October, 2011.

JON STUART SCOLES
UNITED STATES MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA